IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES RAYMOND EARLS, III, | : |
| Plaintiff | : |
| v. | : Case No. 3:23-cv-303-KAP |
| JOHN COLLINS, *et al.*, | : |
| Defendants | : |

<u>Memorandum Order</u>

Plaintiff Charles Earls, while an inmate at S.C.I. Houtzdale, filed a complaint alleging that his rights had been violated by corrections personnel when he was an inmate at the Warren County Prison. The complaint, dated October 20, 2023, was mailed to the Clerk and received in December 2023. ECF no. 9. Service of the complaint was delayed because plaintiff did not provide service paperwork until early in 2025. Earls alleges that the dates on which his rights were violated fell between October 12, 2020 and October 19, 2021, and his 6-page handwritten narrative statement of facts attached to the Pro Se 14 complaint form alleges that he was mistreated on November 7, 2020, June 30, 2021, December 9, 2020, an unknown date identified by a trip to the Warren General Hospital, April 28, 2021, and an unknown date identified by a use of oleoresin capsicum spray by Lieutenant Tipton and subsequent examination by medical personnel.

Because Earls is an inmate proceeding *in forma pauperis* and the defendants are governmental entities or employees, the complaint is subject to screening in accordance with the Prison Litigation Reform Act as codified at 28 U.S.C.§ 1915A:

> (a)   Screening.--**The court shall review**, before docketing, if feasible or, in any event, **as soon as practicable** after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b)   Grounds for dismissal.--On review, **the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint**, if the complaint—
> (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2)   seeks monetary relief from a defendant who is immune from such relief. (my emphasis)

This parallels the PLRA's requirements for litigants proceeding *in forma pauperis*, at 28 U.S.C.§ 1915(e)(2):

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

1

>    (A) the allegation of poverty is untrue; or
>    (B) the action or appeal --
>    (i)  is frivolous or malicious;
>    (ii) fails to state a claim on which relief may be granted; or
>    (iii) seeks monetary relief against a defendant who is immune from such relief.

The dates of the events alleged in the complaint and the date of the complaint present an obvious question whether Earls' claims, or at least some of them, are barred by Pennsylvania's two-year statute of limitations. This turns on whether and when Earls exhausted his administrative remedies (a prerequisite to filing suit under the Prison Litigation Reform Act) because the Court of Appeals has held that Pennsylvania's statute of limitations is tolled while a prisoner exhausts his administrative remedies. *See* Jones v. Unknown D.O.C. Bus Driver & Transportation Crew, 944 F.3d 478, 481 (3d Cir. 2019). The burden-shifting procedure that governs the affirmative defense of failure to exhaust requires the defendant to first establish that the inmate failed to resort to administrative remedies; if defendant makes that showing the burden shifts to the inmate to show that remedies were unavailable. Rinaldi v. United States, 904 F.3d 257, 268 (3d Cir. 2018).

After Rinaldi v. United States, when an inmate claims that he failed to complete his use of the grievance system because of intimidation and obstruction by prison personnel -and Earls does- the inmate must show that objectively the inmate was deterred from submitting a grievance or pursuing a particular part of the grievance process and must show that subjectively the interference would deter a reasonable inmate of ordinary firmness and fortitude from using the relevant part of the grievance process. *Id.*, 904 F.3d at 268-69. Rinaldi v. United States contemplates that this is more than a pleading formality, and that courts should use the objective requirement to "weed out" suits that attempt to circumvent the PLRA's exhaustion requirement with insubstantial claims of intimidation or obstruction. *Id.*

Under Fed.R.Civ.P. 56(f)(3) and Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986), a court has the power to issue a *sua sponte* order for summary judgment so long as the parties are notified that they must come forward with all relevant evidence. *And see* Gibson v. Mayor & Council of City of Wilmington, 355 F.3d 215, 224 (3d Cir.2004)(affirming *sua sponte* grant of summary judgment without notice on the grounds that notice may not be necessary in the presence of a fully developed record, or when the decision is based on a purely legal issue); Couden v. Duffy, 446 F.3d 483, 500 (3d Cir.2006)(affirming *sua sponte* grant of summary judgment to nonmoving parties).

Rather than wait until the end of potentially protracted and wasteful discovery, the parties shall focus on the issue of exhaustion first. The defendant shall include the defense

of lack of exhaustion in its motion to dismiss or waive the defense of lack of exhaustion in its answer due June 19, 2025. If the defense is asserted the parties shall address that defense first, and conduct discovery (including deposition of plaintiff, if sought) relevant to whether plaintiff exhausted his administrative remedies first. If the defense is asserted the parties shall promptly let me know by letter what discovery they believe necessary to determine that issue and I will amend my Rule 16 Order to set deadlines for filing cross motions for summary judgment.

DATE: May 20, 2025

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

Charles Raymond Earls, III, Jr. QL-8667
S.C.I. Rockview
Box A
1 Rockview Place
Bellefonte, PA 16823