IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES RAYMOND EARLS, III,   : | |
| Plaintiff   : | |
| v.   : | Case No. 3:23-cv-303-KAP |
| JOHN COLLINS, *et al.*,   : | |
| Defendants   : | |

## Memorandum Order

For the reasons explained below, the Clerk shall enter summary judgment for the defendants: the motion to dismiss at ECF no. 38, considered as a motion for summary judgment, *see* ECF no. 42, is granted. This is a final appealable order. The Clerk shall mark this matter closed.

Plaintiff Charles Earls is an inmate now at S.C.I. Rockview serving an aggregate sentence of 82-164 months imprisonment imposed by the Court of Common Pleas of Warren County after Earls entered guilty pleas in 2021 in two separate aggravated assault prosecutions, one of which involved Earls' assault on corrections officers at the Warren County Jail on November 7, 2020. *See* Commonwealth v. Earls, 321 A.3d 988 table, text at 2024 WL 2780665 (Pa.Super. May 30, 2024)(explaining the history of the two aggravated assault prosecutions); *see also* Commonwealth v. Earls, 324 A.3d 1274 table, text at 2024 WL 3594606 (Pa. Super. July 31, 2024)(discussing the current incarceration in the course of explaining the history of three earlier prosecutions in the Erie County Court of Common Pleas.)

While an inmate at S.C.I. Houtzdale in 2023, Earls filed a complaint alleging that his rights had been violated in various ways by defendants Anderson, Barr, Carlson, Collins, Danielson, Evans, Johnson, Kuzminski, Lewis, Maze, Morrison, Torrance, and Tipton, all corrections personnel when he was an inmate at the Warren County Prison. The complaint at ECF no. 9 and plaintiff's supporting paperwork are dated October 20, 2023 but were not mailed to the Clerk and received until December 2023. The matter was initially administratively closed because there was no filing fee or motion to proceed *in forma pauperis* that complied with the Prison Litigation Reform Act and service of the complaint was further delayed because plaintiff did not provide service paperwork until early in 2025. I ordered the parties to address the statute of limitations by cross motions for summary judgment. *See* Fed.R.Civ.P. 56(f)(3) and Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986).

The complaint alleges in an overview sentence at the beginning of the Pro Se 14 complaint form that the dates on which Earls' rights were violated fell between October

1

12, 2020 and October 19, 2021 (that is, one day **before** two years from the day the complaint was signed) but in the 6-page handwritten narrative statement of facts attached to the complaint form Earls only alleges (in the order given in his unnumbered paragraphs) that he was mistreated on November 7, 2020, June 30, 2021, December 9, 2020, an unknown date identified by a trip to the Warren General Hospital, April 28, 2021, and an unknown date identified by a use of oleoresin capsicum spray by Lieutenant Tipton. Without any specifics tying his claims to any of these six episodes, Earls alleges that he was throughout his detention in the prison forbidden and therefore unable to use the prison's electronic tablet system to file grievances. He also inconsistently alleges that he was disciplined for using the tablet. Earls also alleges, again without details relating to any of the episodes in the complaint, that he filed paper grievances that he made "carbon/hand copies of" as to every claim but not one of them was ever answered. Earls alleges that he always appealed to the warden but that his appeals were never answered. Earls alleges that he did "this again and again."

The Supreme Court has recognized that a complaint that is time-barred fails to state a claim under the PLRA. Jones v. Bock, 549 U.S. 199, 214-15 (2007), so even in the absence of a motion the timeliness of a complaint subject to the PLRA is a matter that "shall" be examined *sua sponte*. A court can dismiss a complaint as untimely, either on motion under Rule 12(b)(6) when the pleading reveals when the limitations period began to run, Stephens v. Clash, 796 F.3d 281, 288 (3d Cir. 2015), or even *sua sponte* when the defense is obvious from the complaint and no development of the factual record is required. Hines v. Doe, 623 Fed.Appx. 583, 585 (3d Cir. 2015)(*citing* Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006); Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656–57 (4th Cir. 2006); Dellis v. Corr. Corp. of Am., 257 F.3d 508, 511 (6th Cir. 2001); and Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995)); McPherson v. United States, 392 Fed.Appx. 938, 942–43 (3d Cir. 2010)("[A] court may dismiss a complaint for failing to state a claim when its allegations show that the complaint is not timely."); Webb v. Perkiomen School, 349 Fed.Appx. 675, 676 (3d Cir. 2009)("[A] district court may *sua sponte* dismiss a complaint under § 1915(e) where the defense is obvious from the complaint and no development of the factual record is required.")

Imprisonment does not toll the limitations period. 42 Pa.C.S.§ 5533(a). The Court of Appeals has held that the statute of limitations for federal claims is tolled while a prisoner exhausts administrative remedies. Pearson v. Secretary Department of Corrections, 775 F.3d 598, 603 (3d Cir. 2015)(interpreting 42 Pa.C.S.§ 5535(b)); Jones v. Unknown D.O.C. Bus Driver & Transportation Crew, 944 F.3d 478, 481 (3d Cir. 2019). The Commonwealth Court has held that the statute of limitations for state law claims is not tolled while a prisoner exhausts administrative remedies. Paluch v. Palakovich, 84 A.3d 1109, 1113 (Pa.Cmwlth. 2014). Earls' *pro se* pleadings do not distinguish between federal and state law-based claims but it follows immediately from Paluch that any state

law claims are untimely and are dismissed.

When it comes to Earls' federal claims, his *pro se* pleadings are to be construed liberally and nontechnically. *See* Mala v. Crown Bay Marina, Inc., *supra*. That is a command to overlook malapropisms and technical errors, but it does not allow conclusions to substitute for allegations of fact or require a court to "conjure up unpleaded facts to support … conclusory suggestions." Hurney v. Carver, 602 F.2d 993, 995 (1st Cir.1979), *quoting* Slotnick v. Staviskey, 560 F.2d 31, 33 (1st Cir.1977), *cert. denied*, 434 U.S. 1077 (1978).

All the events identified by Earls allegedly took place before October 20, 2021, so unless tolling applies any federal claims based on the events identified in the complaint are beyond the expiration of Pennsylvania's applicable two-year statute of limitations and untimely even if the date of signature on the complaint is accepted as a filing date. The burden-shifting procedure that governs the affirmative defense of failure to exhaust requires the defendant to first establish that the inmate failed to resort to administrative remedies. A defendant can do this by presenting sufficient credible evidence that would entitle it to a directed verdict if not controverted at trial. *See* In re Bressman, 327 F.3d 229, 237 (3d Cir. 2003). Defendants have satisfied this burden by attaching what they allege is the complete record of Earls' grievance filings, together with the prison's responses. Most of Earls' grievances are paper grievances. None alleges a claim based on an event similar to those in the complaint. *See* Tipton Affidavit and exhibits B-F. Earls' argument that exhaustion is excused because he was always denied use of a tablet and the grievance handbook specifies that the only way to file a grievance is by use of a tablet is incorrect, but I also note that the record of grievances shows that Earls' claim to have been universally refused use of the tablet system is demonstrably false.

The defendants have made a *prima facie* showing that the grievance system was available to Earls, that Earls in fact used it, and that not one of the grievances addressed the events alleged in the complaint. The burden shifts to Earls to show that he exhausted his remedies as to the claims in the complaint or that remedies were unavailable to him. Rinaldi v. United States, 904 F.3d 257, 268 (3d Cir. 2018). After Rinaldi v. United States, when an inmate claims that he failed to complete his use of the grievance system because of intimidation and obstruction by prison personnel -and Earls does so for every one of the incidents he alleges in his complaint, including the incidents he cannot remember happened on a particular date- the inmate must show that objectively the inmate was deterred from submitting a grievance or pursuing a particular part of the grievance process and must show that subjectively the interference would deter a reasonable inmate of ordinary firmness and fortitude from using the relevant part of the grievance process. *Id.*, 904 F.3d at 268-69. Rinaldi v. United States contemplates that this is more than a pleading formality, and that courts should use the objective requirement to "weed out"

suits that attempt to circumvent the PLRA's exhaustion requirement with insubstantial claims of intimidation or obstruction. *Id*.

An administrative remedy is "unavailable" when an inmate is prevented by obstruction or intimidation from filing a grievance or the administrative remedy program is either opaque or a meaningless dead end. Ross v. Blake, 578 U.S. 632, 643-44 (2016). The Court of Appeals has also held that administrative remedies are unavailable to an inmate when the prison itself fails to timely (by its own procedural rules) respond to a filed grievance. Robinson v. Superintendent Rockview SCI, 831 F.3d 148, 154 (3d Cir. 2016).

Importantly, at the summary judgment stage an inmate who "vaguely claim[s]—without providing any specifics—that the Prison's records [are] 'incomplete' and that Prison employees purposefully interfered with his forms" fails to create an issue of fact because, just as in every other type of civil action, conclusory affidavits that do not set forth specific facts are insufficient. Paladino v. Newsome, 885 F.3d 203, 208 (3d Cir. 2018). As Paladino v. Newsome illustrates, the bar for making an adequate obstruction claim is a low one: a self-serving affidavit or sworn deposition testimony, as long as it points to specific facts, creates a genuine issue of material fact sufficient to survive summary judgment. *Id*., 885 F.3d at 209.

But Earls does not even clear this low bar in his response. *See* ECF no. 44. Earls' first argument relies on his claim that the tablet system was the exclusive means of filing grievances. That is an incorrect construction of the inmate handbook. Earls' second argument, supported by ¶8 of the Earls Declaration, is that exhaustion is excused because he did not receive a timely response to his September 2, 2021 paper grievance. This is meritless because that grievance (claiming threats from other inmates and a complaint that since another inmate has alcohol in his cell Earls should too) has nothing to do with the six claims in the complaint. Earls' similar argument to this effect made in his ¶4 of his affidavit – that his request for paperwork in May 2021 was denied – likewise does not relate to a claim in the complaint. Earls' third argument (the one that Earls prefaces with "secondly") is that he completed paper grievances after every single one of these events including the ones he cannot remember the date of (since Earls implicitly asserts those were timely grievances they would have been prepared within five days of the events grieved) and Earls expressly asserts in separate parts of his complaint that he made copies of all of his grievances but that at unknown times his cell was searched and all his copies were taken. In his declaration Earls asserts that he delivered all of them, but they are not part of his file and Earls does not know why, although he once heard paper tearing and thought it was one of his grievances. This, Earls asserts, creates a triable issue of fact. The language above from Paladino v. Newsome is directly on point and to the contrary.

Moreover, accepting Earls' claim would mean that someone at the prison received

grievances from Earls, anticipated the filing of a complaint more than two years later and (having previously confiscated all of Earls' grievance paperwork without Earls having made a complaint about it) disposed without notice to Earls of exactly those six grievances and only those six grievances. That is not metaphysically impossible, but metaphysical doubt as to the material facts is not the test for summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Because no reasonable person would "undertake the suspension of disbelief necessary to give credit to the allegations," see Jeffreys v. City of New York, 426 F.3d 549, 555 (2d Cir. 2005), quoting Schmidt v. Tremmel, 1995 WL 6250 (S.D.N.Y. Jan. 6, 1995), that Earls makes about his exhaustion of remedies, summary judgment is appropriate.

Furthermore, by Earls' calculation he left Warren County in October 2021 and then received a form complaint from someone. Earls Declaration ¶9. Earls could not possibly have been obstructed from filing a complaint in court by anyone at the prison for more than two years after his claims accrued (Earls cannot recall when the events on which his sixth claim is based happened, but alleges it was on or before October 19, 2021; the public docket sheet indicates that the date of Earls' transport to the state prison system was on or about October 21, 2021.) If as Earls claims exhaustion was excused because of the prison's alleged refusal to respond, see Robinson v. Superintendent Rockview SCI, then Earls could have gone immediately to court and all of Earls' claims are untimely. If as defendants claim exhaustion is not excused because Earls could have used the administrative remedy provided, then Earls failed to exhaust. So even if Earls can make a conclusory claim contradicted by his own grievance record, he cannot mix and match doctrines to make both the limitations period and the exhaustion requirement go away.

DATE: October 20, 2025

_____
Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

Charles Raymond Earls, III, Jr. QL-8667
S.C.I. Rockview
Box A
1 Rockview Place
Bellefonte, PA 16823